IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFF URBAN, | ) | **Case No. 15 CV 03883** |
| Plaintiff, | ) | |
| vs. | ) | JUDGE GETTLEMAN |
| | ) | |
| OFFICER TIMOTHY BALASZ #15785, and the CITY OF CHICAGO, | ) | Magistrate Judge Gilbert |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION**

Defendant Timothy Balasz and the City of Chicago move this Honorable Court for judgment as a matter of law against Plaintiff on the Plaintiff's malicious prosecution claim.

**Background**

Plaintiff has brought two claims against Defendant Timothy Balasz. The first claim was a false arrest claim premised on Plaintiff's alleged unlawful removal from private property. The second claim is an Illinois State law claim of malicious prosecution. On November 1, 2016, this Court held a pre-trial conference in which the malicious prosecution claim was discussed, specifically addressing how Plaintiff would prove the favorable termination element of a malicious prosecution claim. *See Swick v. Liataud*, 169 Ill. 2d 504, 512 (Ill. 1996). Following that pre-trial conference, this Court gave leave to the parties to "add excerpts from the [motion to suppress] transcript of the criminal trial to the Pretrial Order list of exhibits." Plaintiff never moved to add any transcript from the criminal case to his pre-trial list of exhibits. On November

9, 2016, Defendants filed an additional motion *in limine* opposing the use of the criminal transcripts as substantive evidence at trial and offered that they should only be used for impeachment purposes. *See* Dkt. # 81. On November 14, 2016, this Court granted Defendants' motion *in limine* number 9 given that Plaintiff had no opposition to the motion. After ruling, this Court expressed concern that Plaintiff would no longer be able to prove the second element of the malicious prosecution claim without some additional testimony as to why Plaintiff's case was dismissed. The Court, concerned that there could be an inconsistent verdict reached in this case, removed the second element (favorable termination) of the malicious prosecution claim from the malicious prosecution jury instruction, holding that it was a question of law for the judge to decide. Therefore, Defendants move, as a matter of law, for judgment in their favor on the malicious prosecution claim because the plaintiff did not offer any evidence to support that his criminal case was terminated in a manner indicative of innocence.

**Introduction**

Under Rule 50(a), the court may "enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (internal citation omitted). This court should grant judgment as a matter of law for the Defendant on the Plaintiff's malicious prosecution claim, because Plaintiff has not introduce any evidence that his criminal case was dismissed in a manner indicative of innocence.

## Discussion

In the present case, Plaintiff Cliff Urban has alleged a malicious prosecution claim under Illinois state law. According to the law in the state of Illinois for this claim, Plaintiff must prove, facts showing: " '(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.' " *Joiner v. Benton Community Bank* (1980), 82 Ill.2d 40, 45, 44 Ill.Dec. 260, 411 N.E.2d 229, quoting *Ritchey v. Maksin* (1978), 71 Ill.2d 470, 475, 17 Ill.Dec. 662, 376 N.E.2d 991. "The absence of any one of these elements bars a plaintiff from pursuing the claim." *Swick v. Liataud,* 169 Ill. 2d 504, 512 (Ill. 1996).

Further, "In a criminal context, a *nolle prosequi* is not a final disposition of a case but is a procedure which reverts the matter to the same condition which existed before the commencement of the prosecution." *People v. Woolsey* (1990), 139 Ill.2d 157, 163, 151 Ill.Dec. 309, 564 N.E.2d 764. "In the civil malicious prosecution context, the majority rule is that a criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceeding via a *nolle prosequi,* unless the abandonment is for reasons not indicative of the innocence of the accused." *Id*. at 513. *citing* Restatement (Second) of Torts §§ 659, 660, 661 (1977); *McKenney v. Jack Eckerd Co.* (1991), 304 S.C. 21, 22, 402 S.E.2d 887, 888; *Wynne v. Rosen* (1984), 391 Mass. 797, 464 N.E.2d 1348.

"The burden of proof of a favorable termination, however, remains with the plaintiff." *Id. citing* (See Restatement (Second) of Torts § 672 (1977).) "Only when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof." *Id.* "The circumstances surrounding the abandonment of the

criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution". *Id. citing* (*Wynne,* 391 Mass. at 800-01, 464 N.E.2d at 1350-51.)

In this case, Plaintiff has not introduced any evidence that his criminal case was terminated in a matter indicative of innocence. Despite have the burden of proof in this case, Plaintiff must show evidence that the State abandoned the criminal proceedings because they no longer had reasonable grounds to pursue his criminal case any further. The only evidence introduced at trial was that Plaintiff's motion to suppress was granted. In this case, we have heard from Plaintiff and Defendant Balasz who both testified that his motion to suppress was granted. However, Plaintiff has not brought forth any additional evidence to support his claim that his criminal case was terminated in a manner indicative of his innocence. There was no evidence introduced that the state dismissed the charges or on what basis the state dismissed the charges against Plaintiff. Therefore, Plaintiff has not met his burden, and judgment should be entered in favor of Defendant Balasz on Plaintiff's malicious prosecution claim.

**CONCLUSION**

WHEREFORE, Defendants request this Court to enter a directed verdict in favor of Defendants on Plaintiff's malicious prosecution claim.

Respectfully submitted,

/s/ Caroline Fronczak
Caroline Fronczak

4

Senior Counsel
30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 744-5126
ATTY. NO. 06284817

**CERTIFICATE OF SERVICE**

I, Caroline Fronczak, an attorney, certify that on November 16, 2016, I served a copy of **DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION** upon all counsel of record by filing the same before the Court via the ECF system and via email to counsel of record.

*/s/ Caroline Fronczak*

Caroline Fronczak